UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KYAIRA JUMPER,

Plaintiff,

v.

WILLIAM L ROBERTS II, CHAKEIYA RICHMOND, JONATHAN POWELL, ALEXANDRIA NELSON, and LOLIPOP RECORDS

Defendants.

**MEMORANDUM AND ORDER**

25-CV-6952 (LDH) (JRC)

LASHANN DEARCY HALL, United States District Judge:

Kyaira Jumper ("Plaintiff") brings this *pro se* action against William (Rick Ross) Roberts II, Chakeiya Richmond, Jonathan Powell, Alexandria Nelson, and Lolipop Records (together, "Defendants") bringing copyright claims. (Compl. at 6, ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order. (Mot., ECF No. 2.) For the reasons discussed below, the Complaint is dismissed.

## BACKGROUND

Plaintiff's Complaint is nonsensical. For instance, Plaintiff states, "[m]y name is a straight 'A' stolen average, my name can not live without living habitat, my name is e[a]ger to become famous, my name is worth more than a trillion dollars today." (Compl. at 5.) Plaintiff seeks relief in the form of "pluri to copyright, tera pronunciation to copyright, tera perpetual to copyright, tera pluri to perpetual to copyright, tera pronunciation, [and] remove from life." (*Id.* at 6.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.' " *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). And under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

The Complaint, even liberally construed, lacks an arguable basis either in law or in fact. The Court therefore dismisses the Complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.' " (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))); *Walker v. Real Life Church*, No. 22-CV-4455, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered).

Notwithstanding Plaintiff's *pro se* status, this dismissal is without leave to amend as the Court finds that amendment would be futile. *See Hakaniemi v. Zuckerberg*, No. 21-CV-4345, 2021 WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismiss *pro se* complaint without leave to amend where the complaint was frivolous and "devoid of any arguable basis in fact or in law") (collecting cases).

**CONCLUSION**

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is denied leave to amend the Complaint as amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff, noting the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge